IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARNITA COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 1:17-cv-439-TFM-C |
| | ) | |
| BOSTON SCIENTIFIC CORPORATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before this Court is Defendant's Motion to Strike Plaintiff's Expert Witness. Doc. 76, filed December 5, 2019. Plaintiff filed a response on December 20, 2019, and Defendant replied on December 31, 2019. Docs. 80, 81. The parties appeared for a hearing on January 23, 2020. Thus, the motion is ripe for review.

As background, Plaintiff raises claims here pursuant to this Court's diversity jurisdiction for product liability and breach of warranty under the Alabama Extended Manufacturers' Liability Doctrine ("AEMLD"), alleging that Plaintiff was seriously injured as a result of a defective catheter inserted during surgery that was manufactured, distributed, and sold by Defendant.

Discovery in this case closed on August 16, 2019. Plaintiff filed a motion to reopen discovery on September 19, 2019, seeking leave to (1) depose a witness after a previous deposition scheduled prior to the close of discovery had been canceled; (2) designate an expert witness, if needed, based on information obtained in the deposition; and (3) obtain documents previously requested from Defendant. In a hearing on the motion October 4, 2019, Plaintiff's counsel premised the request to designate an expert witness out of time entirely on any such need that may arise based on information obtained in the requested deposition of Henry Richeson, a manager in

the sales representative group at Boston Scientific Corporation. The Court granted the motion on that basis.

Now, Defendant has filed a motion seeking to strike the expert witness designated by Plaintiff pursuant to the Court's Order. Defendant argues, in relevant part, that the intended testimony of the expert witness, Dr. Joseph Grocela, exceeds the scope of the Order. Specifically, Defendant states that Dr. Grocela intends to offer opinion testimony about: medical causation; the adequacy of warnings provided in the catheter's directions for use; the catheter's design; and other specific assertions regarding the allegations in the complaint. Defendant contends that all of these issues have existed since the case was filed, and none could have been precipitated by Richeson's testimony. Defendant argues that Richeson, a sales manager, offered no testimony regarding the design or manufacture of the catheter at issue in the case, nor about the warnings in the catheter's directions for use; he was not able to identify the catheter product used during Plaintiff's surgery, nor did he offer testimony about Plaintiff's medical care.

In her response, Plaintiff appears to take a broader view of the Court's directive that any new expert witness "relate" to the newly obtained testimony, listing specific instances from Richeson's deposition that ostensibly justify the intended testimony of Dr. Grocela.[1] For example, Plaintiff notes that Richeson was questioned regarding various precautions contained in company literature about the catheter product—specifically, that catheters are not designed to stay in a patient for more than 90 days. Plaintiff asserts that Richeson's comments regarding this warning created a need for opinion testimony by Dr. Grocela about Plaintiff's injuries, and the

---

[1] The Court notes that the parties did not file a complete copy of the Richeson deposition with the Court. However, the portions provided by Plaintiff in support of her response are sufficient, in conjunction with hearing testimony and the case file as a whole, to make a determination on the motion to strike.

complications that can result from long-term retention of the catheter. The Court disagrees. Richeson merely regurgitated written materials already possessed by Plaintiff. Thus, he provided no new testimony in this regard that would create a need for designating an expert witness that did not exist before his testimony.

In another example, Plaintiff asserts that Richeson testified that Defendant's products come with directions and warnings, and that this piece of testimony necessitated Dr. Grocela's intended testimony regarding how the instructions and warnings on the catheter at issue help explain why the catheter malfunctioned in this case. Richeson's mere statement that instructions and warnings are included with the product in no way necessitates such expert testimony.

The links Plaintiff makes between elements of Richeson's deposition and the intended testimony of Dr. Grocela are far too attenuated, and thus far outside the scope of the Court's October 8, 2019 Order. Plaintiff's request to designate an expert witness was premised entirely on any need for such that may arise as a result of Richeson's testimony. The Court granted the request, therefore, <u>only</u> on that basis. The wide net cast by Dr. Grocela's expert report covers subject matter that, as Defendant argues, was foreseeable without deposition testimony from a sales manager of Defendant's products—that is, indeed, central to the issues in the complaint.

The Court notes that the restriction imposed in its October 8, 2019 Order was not arbitrary. Discovery was long over in this case, and Plaintiff had ample time to designate an expert witness in regard to the issues noted in Dr. Grocela's expert report. This case was filed in September 2017, and the initial Rule 16(b) Scheduling Order was issued on January 26, 2018—two years ago. Docs. 1, 20. The initial Scheduling Order set a deadline for Plaintiff's expert reports at September 4, 2018. Doc. 20 at 2. The Court subsequently granted four motions to amend the scheduling order, incrementally extending discovery deadlines until the final amendment on April 15, 2019, which

resulted in a due date for Plaintiff's expert reports of May 3, 2019.  Doc. 46.

The parties both attribute the lengthy discovery process to obstacles encountered in their attempts to gather hospital and other records.  However, Plaintiff sought no additional extensions after the April 15, 2019 Order.  Therefore, Plaintiff's final deadline for designating expert witnesses passed on May 3, 2019.  Plaintiff filed her motion to reopen discovery on September 19, 2019, more than a month after discovery closed and three weeks after Defendant filed a motion for summary judgment.  Docs. 46, 59, 63.  Plaintiff had ample time to designate an expert witness to opine about the issues stated in Dr. Grocela's report.  Moreover, Plaintiff's motion to designate an expert witness was narrowly tailored to the Richeson deposition, as was the Order granting it.  Dr. Grocela's expert report was filed after the close of discovery and falls outside the scope of the Order permitting limited additional discovery.  Therefore, it will be struck.

Accordingly, it is **ORDERED** that:

(1)  Defendant's motion to strike (Doc. 76) is **GRANTED**.

(2) The Rule 16(b) Scheduling Order (Doc. 20, as amended by Docs. 41, 46, and 70) is **FURTHER AMENDED** as follows:

   a. All motions for summary judgment must be filed no later than **March 2, 2020**.

   b. All challenges to expert witnesses, including *Daubert* motions, must be filed no later than **April 1, 2020**.

   c. A final pre-trial conference is set for **Friday, August 14, 2020 at 9 a.m.**

   d. The case will be set for trial during the **September 2020** trial term.

**DONE** and **ORDERED** this 27th day of January 2020.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE